<table>
<tr><td>UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA</td><td>FILED<br>AUG - 3 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT</td></tr>
</table>

BRUCE EVERETT VOID-EL,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Petitioner,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　:　　Civil Action No. 07-1074 (RCL)
　　　　　　　　　　　　　　　　　　:
JOE DRIVER, WARDEN,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Respondent.　　　　　　　:

## MEMORANDUM OPINION

Evidently dissatisfied with the Superior Court of the District of Columbia's rulings on his recent petition for writ of coram nobis, motion to vacate sentence, and motion under Rule 35(a) of the Superior Court Rules of Criminal Procedure, *see* Pet. at 2, petitioner files a "Motion for Emergency Hearing for Writ of Habeas Corpus Ad Subjiciendum for Immediate Release" in this Court. Petitioner demand not only an emergency hearing but also his immediate release from custody.

Insofar as petitioner challenges his Superior Court conviction or sentence, such relief may be granted only by means of a motion in the Superior Court under D.C. Code § 23-110. In relevant part, the law provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it

1

is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). Even if petitioner were not successful in a previous attempt to collaterally attack his conviction and sentence under D.C. Code § 23-110(g), the remedy is neither inadequate nor ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Insofar as petitioner demands review or reversal of the Superior Court's rulings, this Court is without authority to grant such relief. A challenge to an order or judgment of the Superior Court goes before the District of Columbia Court of Appeals, *see* D.C. Code § 11-721(a), and this Court "is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Accordingly, petitioner's requests for a hearing and for his immediate release from custody will be denied. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge

Date: 8/3/07